IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DENARD WHITFIELD, #00015783, PLAINTIFF, | § § § § | |
| V. | § § | CASE NO. 3:21-CV-3048-X-BK |
| ASSISTANT WARDEN MCCAIN, ET AL., DEFENDANTS. | § § § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Michael Denard Whitfield's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 5. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim.

### I. BACKGROUND

On December 7, 2021, Whitfield, then a Texas state prisoner, filed a *pro se* complaint against Assistant Warden McCain, Maintenance Supervisor McCasland, and Safety Supervisor Goolsby.[1] Doc. 3 at 3. Whitfield sues Defendants in their individual and official capacities for deliberate indifference, in violation of the Eighth Amendment, stemming from allegedly

---

[1] Whitfield also names Medical UTMB as a defendant, which he further describes as the personnel within the medical department at the Hutchins State Jail. Doc. 3 at 3, 6. In his *Answers to Magistrate Judge's Questionnaire*, however, he indicates he no longer seeks to pursue such claims, thereby abandoning them. Doc. 7 at 8. Thus, the claims against Medical UTMB should be dismissed.

substandard conditions of confinement in building K at the Hutchins State Jail. Doc. 3 at 4; Doc. 7. Whitfield seeks injunctive relief and monetary damages for mental anguish, stress, fatigue and depression. Doc. 3 at 4.

In his complaint, as supplemented by his answers to the questionnaires, Whitfield claims that on November 17, 2021, he was transferred from general population to segregation in building K because of heat restrictions related to his prescription medications. Doc. 3 at 4; Doc. 7 at 1. Whitfield complains of substandard conditions of confinement in building K, which he endured for 28 days, and Defendants' alleged roles in failing to address them. Doc. 3 at 4; Doc. 7 at 3, 5, 7. Generally, Whitfield asserts that he was deprived of a cell large enough to permit social distancing and the supplies needed to clean and sanitize it. Doc. 3 at 4, 6. Whitfield also claims he was exposed to health hazards, including black mold, fruit flies and gnats. Doc. 3 at 4. Additionally, he states that (1) the commodes and sinks in the cells were in disrepair and leaked water, (2) the cell lights were inoperative, (3) there was no intercom system for use in emergencies, and (4) there was "only one shower for 32 men" in the community facilities for the entire cell block. Doc. 3 at 4, 6. In sum, Whitfield complains that Defendants treated him like the "scourge of the world," held him hostage in building K, and denied him privileges, although he had no disciplinary case. Doc. 3 at 4.

Upon review, the Court concludes that the complaint lacks facial plausibility and should be dismissed.

**II. ANALYSIS**

Because Whitfield is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). These statutes provide for the sua sponte dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to

state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, under 42 U.S.C. § 1997e(e), a prisoner cannot bring a federal civil action for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Whitfield's pleadings fail to state a claim upon which relief can be granted.

### A. Injunctive Relief Claim is Moot and Official Capacity Claims are Barred

As a preliminary matter, Whitfield's transfer from the segregation unit back to general population on December 15, 2021 (Doc. 7 at 2), and his subsequent transfers to the Cole State Jail and then the Wayne McCollum Detention Center, Doc. 8; Doc. 12, render his request for injunctive relief moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Moreover, as in *Holiday*, "any suggestion of relief based on the possibility of transfer back to [building K at the Hutchins State Jail] is too speculative to warrant relief." *Id*.

In addition, to the extent Whitfield sues Defendants in their official capacities as employees of the Texas Department of Criminal Justice ("TDCJ"), his claims are barred by the Eleventh Amendment. *See Hall v. Daigle*, 795 F. App'x 903, 905 (5th Cir. 2019) ("[Plaintiff's]

claims against the [TDCJ] supervisory officials in their official capacities fail because as employees of the state, they are protected by the Eleventh Amendment") (citing *Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998)).

### B. Individual Capacity Claims Lack Facial Plausibility

Whitfield also sues McCain, McCasland and Goolsby in their individual capacities, claiming they acted with deliberate indifference. Doc. 7 at 3, 5, 7. He alleges that McCain failed to (1) address the black mold issue and repair the inoperative lights and dripping sinks and commodes, and (2) provide an emergency intercom system and enough showers in the community facility for the entire cell block. Doc. 3 at 3, 6; Doc. 7 at 2-3. Whitfield asserts that McCasland did not inspect or repair the inoperative light fixtures, sinks and commodes. Doc. 3 at 3, 6; Doc. 7 at 5. Specifically, he alleges that while officers submitted work orders for remediation of the issues, McCasland failed to inspect or otherwise act on them. Doc. 7 at 5. Further, as to Goolsby, Whitfield contends that he also failed to inspect or address the alleged health and safety hazards, including the black mold, and failed to provide cleaning supplies daily. Doc. 3 at 3, 6; Doc. 7 at 6-7.

1. *No Supervisory Liability and No Personal Involvement*

McCain, McCasland and Goolsby may not be held liable for their supervisory roles. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) (supervisory government employees are only liable for their own misconduct, and the theories of *respondeat superior* or vicarious liability do not provide a basis for liability). Rather, to impose liability against a supervisory official, the plaintiff must establish the defendant's (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Turner v. Lt. Driver*, 848 F.3d 678, 695-96 (5th Cir. 2017).

As noted, Whitfield sues McCain, McCasland and Goolsby because they did not inspect and address all safety problems, ensure all repairs were made, or provide him cleaning supplies and adequate opportunities to shower. In answer to the second questionnaire, Whitfield asserts that McCain walked through the K5 cell block twice and, when he was approached about the substandard living conditions, "would always tell [the inmates] he was going to send maintenance to do the repairs." Doc. 10 at 6. According to Whitfield, the work orders were not executed and McCain failed to "exercise his authority" over McCasland to have the repairs done. Doc. 10 at 6-7. Further, despite the many work orders, neither McCasland nor Goolsby made sure the repairs were completed,. Doc. 10 at 4-5, 8-9. Whitfield adds that McCasland visited the K5 cell block one time, but Goolsby did not. Doc. 10 at 4; Doc. 10 at 8.

Construed most generously, Whitfield's pleadings allege no facts implicating Defendants' personal conduct. Rather, his claims hinge on bare assertions of responsibility based on Defendants' status as higher-ranking officials. In answer to the second questionnaire, Whitfield alludes generally to past events and the failure to inspect and conduct needed repairs. Apart from conclusory allegations, his pleadings do not adduce any facts from which it can be reasonably inferred that the substandard conditions of confinement were attributable to McCain's, McCasland's or Goolsby's individual actions. Doc. 10 at 6-8. *See Iqbal*, 556 U.S. at 679 ("the well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct"). Stated simply, Whitfield fails in his burden to allege how, by their individual actions, each Defendant violated his Eighth Amendment's rights—i.e., deprived him of basic life necessities and acted with deliberate indifference to his health or safety. Vague or non-specific allegations of wrongdoing do not suffice to state a claim. *See Wells v. Collier*, 834 F. App'x 949, 950 (5th Cir. 2021) (per curiam) (finding conclusional allegations of personal involvement

insufficient); *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) ("To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant. . . . To prevail against a supervisory official, the plaintiff must demonstrate that the official's act, or failure to act, either caused or was the moving force in causing the plaintiff's harm." (citations omitted)).

Additionally, the mere fact that Defendants received unspecified complaints or grievances about the conditions of confinement in building K does not suffice to establish their personal involvement in the alleged violations. *See Brooks v. Bell*, No. 6:17CV18, 2019 WL 1110132, at *2–3 (E.D. Tex. Mar. 9, 2019) (finding mere receipt of grievances does not show personal involvement in a deprivation); *Johnson v. Johnson*, 385 F.3d 503, 526 (5th Cir. 2004) (concluding TDCJ administrators "cannot be expected to intervene personally in response to every inmate letter they receive"). Likewise, a simple "failure to respond to a letter or grievance does not rise to the required level of personal involvement for liability." *Keys v. United States*, No. 3:17-CV-2940-N-BH, 2020 WL 2753143, at *4 (N.D. Tex. Apr. 20, 2020)), *R. & R. adopted*, 2020 WL 2745604 (N.D. Tex. May 27, 2020). Nor does Whitfield have a constitutionally protected liberty interest in having his grievances answered to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005).

Under this authority, McCain and McCasland cannot be held liable simply because they walked through the K cell block once or twice and presumably were aware of the alleged unconstitutional conditions. *See Brooks v. Stringer*, 303 F. App'x 225, 227 (5th Cir. 2008) (per curiam) (prisoner's allegation that warden must have known of pervasive violence in the prison because he visited the general population once a week and got daily briefings from his officers was conclusory and insufficient). Further, other than his conclusory statements, Whitfield

presents no plausible facts establishing any link between Defendants' supposedly wrongful actions as supervisors and the deliberate indifference at issue.  Cf. *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001) (addressing when lack of training or supervision rises to deliberate indifference).

Whitfield thus fails to establish personal involvement and his individual-capacity claims against Defendants should be dismissed for this reason alone.  But even assuming the requisite personal involvement, he fails to satisfy the physical injury requirement as explained below.

2. *No Physical Injury*

Whitfield contends that Defendants' omissions caused him depression, blood pressure issues, occasional breathing problems due to the ventilation system, nasal dryness as a result of the alleged black mold, and some blurred vision because of the lack of lights in his cell.  Doc. 7 at 3, Doc. 7 at 5.  He also asserts that the failure to provide an intercom system for use in emergencies caused him to be on "pins and needles."  Doc. 7 at 7.

Whitfield must show more than a *de minimis* physical injury to sustain a claim for damages for mental or emotional injury suffered while in custody as a result of the alleged conditions of confinement.  Under 42 U.S.C. § 1997e(e), a prisoner is prohibited from filing a civil action in federal court "for mental or emotional injury suffered while in custody without a prior showing of physical injury."  *Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 605 (5th Cir. 2008) (dismissing compensatory damages request under § 1997e(e) because the plaintiff had alleged no physical injury).  Even so, § 1997e(e) "does not limit a prisoner's ability to pursue nominal and punitive damages based on violations" of his constitutional rights.  *Hutchins v. McDaniels*, 512 F.3d 193, 194-95 (5th Cir. 2007).

Whitfield does not identify any serious medical need that he experienced as a result of the conditions of confinement in the K cell block.  When asked whether he sustained any physical injury, Whitfield left the answer blank.  Doc. 7 at 9-10.  And while he suggests he endured a host of other symptoms, none were more than a *de minimis* injury.  *Compare* Doc. 7 at 3, 5, 7 (complaining of depression, blood pressure issues, occasional breathing problems, nasal dryness, blurred vision, and being on "pins and needles"); *with Alexander v. Tippah Cnty.*, 351 F.3d 626, 631 (5th Cir. 2003) ("While we recognize that vomiting is an unpleasant experience, there is no indication that Carroll's nausea was severe enough to warrant medical attention. Furthermore, Carroll has not alleged that his nausea was a symptom of some more serious malady, or had any lasting effects . . .  [T]he injury (if any) suffered by Carroll was de minimis." (citations omitted)).

Also, while § 1997e(e) does not bar a plaintiff's request for punitive damages, *see Hutchins*, 512 F.3d at 197-98, "punitive damages may be awarded only when the defendant's conduct is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights," *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1015 (5th Cir. 2003) (cleaned up) (citations omitted).  Whitfield alleges neither, nor does he posit any facts in support of his claims from which such an inference may be drawn.  Thus, even if Whitfield had sought punitive damages, his request would likewise fail.

Lastly, Whitfield cannot seek nominal damages because his bare allegations do not establish Defendants' personal involvement in the alleged constitutional violations and thus fails to state a plausible claim.  *Cf. Hutchins*, 512 F.3d at 198 (holding § 1997e(e) does not bar a prisoner's recovery of nominal damages if he can successfully prove a constitutional violation).

In sum, Whitfield fails to state plausible claims against McCain, McCasland and Goolsby in their individual capacity.

### III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). But the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* As outlined here, Whitfield's claims are fatally infirm. Additionally, the Court twice permitted him to supplement his complaint by his answers to the questionnaire. Doc. 7; Doc. 10. Thus, the Court can only conclude that he has already pled his best case. Under these circumstances, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, this action should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on December 4, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).